616 So.2d 550 (1993)
Donald Lloyd SPIVEY, Appellant,
v.
STATE of Florida, Appellee.
No. 92-00192.
District Court of Appeal of Florida, Second District.
March 31, 1993.
James Marion Moorman, Public Defender and Stephen Krosschell, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee and Ron Napolitano, Asst. Atty. Gen., Tampa, for appellee.
BLUE, Judge.
Defendant, Donald Lloyd Spivey, appeals his judgment and sentence for sexual battery with slight force, his sentence for direct contempt, and the imposition of costs and public defender fees. The defendant raises numerous arguments which we find to be without merit concerning the sexual *551 battery conviction. We affirm his judgment and sentence for that offense.
The defendant next raises three objections to his sentence of six months in the county jail for direct criminal contempt. We, however, accept only his argument that the trial court erred by failing to provide a written judgment of guilt reciting the facts upon which the adjudication of guilt was based as required by Florida Rule of Criminal Procedure 3.830. Osborne v. State, 430 So.2d 551 (Fla. 2d DCA 1983). Accordingly, we reverse and remand with directions that the court render a judgment which complies with Rule 3.830.
The defendant's last objection is to the imposition of costs and public defender fees. The state concedes the record is unclear with regard to costs other than those provided by section 27.3455, Florida Statutes (1989). The state also concedes the defendant was not given proper notice of his right to a hearing to contest the amount of the public defender's lien as required by Florida Rule of Criminal Procedure 3.720(d)(1). The costs imposed pursuant to section 27.3455 are approved. We reverse the imposition of all other fees and costs and remand for the trial court to determine, if it wishes, the amount of public defender fees and appropriate costs at a hearing with the defendant present after proper notice.
Affirm in part; reverse in part and remand with directions.
CAMPBELL, A.C.J., and HALL, J., concur.